EMÉRITO ESTRADA, Plaintiff and Appellee, *v.* MAXIMILIANA RUIZ ET AL., Defendants and Appellants.

No. 10229. Argued November 6, 1950.—Decided November 21, 1950.

*José Veray, Jr.,* for appellants.  *Luis Antonio Rosario* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Defendants appealed from a judgment rendered by the District Court of Aguadilla ordering them to pay the sum of $755 plus the costs and $100 for attorney's fees. In their appeal they assign five errors. The first one is that the lower court erred in overruling the motion requesting the dismissal of the complaint for lack of facts sufficient to state

a cause of action. Briefly, it is alleged in the complaint that on March 8, 1947, plaintiff was driving truck H–3777, owned by him, from San Sebastián to the Perchas Ward within the same municipality, on the highway leading to Las Marías and overtook truck HP–1508, belonging to codefendant Maximiliana Ruiz which was going to another ward in San Sebastián. The truck of the codefendant was being operated and driven by chauffeur Luis Soto Beauchamp, who acted there and then as her employee; that because of the fact that the road from San Sebastián to Las Marías is narrow and has many curves, plaintiff continued driving his truck behind that of said codefendant at a reasonable distance; that while plaintiff was driving his vehicle as stated above he realized that codefendant's truck suddenly stopped in the middle of the road for which reason he applied the brakes to his vehicle and stopped at the right-hand side of the road and waited; that while he waited for codefendant's vehicle to continue, the driver of the latter carelessly allowed his truck to slide back violently, its rear part colliding against plaintiff's truck, without plaintiff being able to avoid it despite all his efforts; that as a result of the collision plaintiff's truck suffered damages which are described and its repairs cost him the sum of $425, besides being deprived of the use of his vehicle during the time that it was under repairs and in addition suffered the alleged depreciation; that the accident was due solely and exclusively to the negligence of the employee of Maximiliana Ruiz when he did not take the due precautions; and that the truck owned by the latter was insured by codefendant American Surety Co. of New York.[1]

■■ In discussing the first error assigned appellants maintain that the complaint is insufficient since it does not allege that codefendant Maximiliana Ruiz was the owner of an enterprise. We do not agree. Since § 1803 of the Civil

[1] See § 175 of Act No. 66 of July 16, 1921, as amended by Act No. 19 of April 15, 1929 (p. 160) which authorizes that in these cases the action to claim may be presented jointly against the insured person and the insurance company.

Code (1930 ed.) was amended by Act No. 120 of May 12, 1943 (p. 372) such allegation is unnecessary, for whether it is a motor vehicle belonging to an enterprise or a vehicle belonging to a private individual the owner is liable for the damages caused in the operation thereof by its employees or agents provided they are duly authorized to drive the vehicle causing the damage and act within the scope of their employment as such employees or agents, in accordance with the terms of their work contract.[2] The same conclusion is reached in interpreting § 19 of Act 279 of April 5, 1946 (pp. 598, 646).[3]

On the other hand, even if the aforesaid statutory provisions did not exist, it is clearly alleged in the complaint that the truck owned by codefendant Maximiliana Ruiz was bearing license plate HP–1508. Given such allegations judicial notice could be taken that a truck bearing "HP" license plates was a heavy vehicle engaged in public service. *Aponte* v. *Palacios*, 55 P.R.R. 674. And being a heavy vehicle engaged in public service it could likewise be concluded that the same belonged to an enterprise within the scope and meaning of § 1803 of the Civil Code already described. *Morales* v. *Caraballo*, 27 P.R.R. 544. Thus, the first error assigned was not committed.

---

[2] Section 1803 of the Civil Code (1930 ed.) as amended by Act No. 120, *supra*, says in the pertinent part as follows:

"Owners or directors of an establishment or *enterprise* are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties, *and the owners or proprietors of any motor vehicle used for the private service of its owner or proprietor, are also liable for the damages caused by the operation of same by their employees or agents duly authorized to drive said vehicles, and while they act in the performance of their duties as such employees or agents, in accordance with the terms of their work contract.*" (Italics ours.)

[3] Section 19 of Act No. 279, *supra*, provides:

"The owner or proprietor of any motor vehicle of his own private use, shall be liable for the damages and losses caused by the operation of said vehicle by his agents or employees duly authorized to operate same while in the discharge of their duties as such employees or agents, in accordance with the terms of the work contract."

■ The second, fourth and fifth errors are directed to the weighing of the evidence. The court found:

"That on March 8, 1947 and about six p. m. truck HP-1508, belonging to defendant Maximiliana Ruiz and driven by its chauffeur and employee Luis Soto Beauchamp, along the insular highway leading from San Sebastían to Las Marías within the judicial district of Aguadilla, Puerto Rico, was coming uphill on the middle of said highway which is quite narrow; that said truck was loaded with a crane and several pieces of a bulldozer, which implements are quite heavy; that at the time and in the same direction truck H-3777 was coming, driven by its owner, the plaintiff, at a reasonable distance behind the truck owned by defendant Maximiliana Ruiz; that said truck HP 1508 was going uphill along said highway and on turning a curve it stopped all of a sudden in the middle of the highway, without its chauffeur signaling in any way nor taking the due precautions; that as a result of the sudden halt of truck HP 1508 [4] its motor stopped functioning and while its chauffeur maneuvered in order to start it again, he allowed it to violently slide back, its rear part colliding against plaintiff's truck which had stopped on its right-hand side, after difficult maneuvering in a narrow road with a lot of curves and precipices on its right side."

In the course of its opinion and upon making the aforesaid findings of fact, the court also said that "Because of the manner of testifying, their spontaneity, their honesty and because of the consistency and probability of their testimony, the court fully believes the witnesses for the plaintiff. . . . . The witnesses for the defense did not impress the court with the certainty required by the judge in the determination of the preponderance of the evidence nor has the court believed them after having seen and heard them." [5]

We have carefully read the transcript of the evidence and

---

[4] The evidence for the plaintiff tended likewise to prove that the truck owned by codefendant Maximiliana Ruiz stopped suddenly due to the fact that when it turned a curve a man suddenly came out from the left side of the highway in order to go across.

[5] Briefly, the evidence for the defendants was to the effect that plaintiff's truck was running very close to that of codefendant Ruiz and that when the latter stopped, plaintiff's truck collided with it causing the alleged damages.

in our opinion there is sufficient evidence in the record to sustain the conclusions of the lower court.

■■ In the third error assigned the District Court of Aguadilla is charged with having erred in holding that defendants were liable for the damages caused by the negligence of chauffeur Luis Soto, driver of vehicle HP–1508, when it was not proved that said driver was an employee of defendant Maximiliana Ruiz nor that he acted in the course of his employment when the accident happened. In discussing this error defendants forget that there is the presumption of *juris tantum* that the person who drives a motor vehicle belonging to an enterprise [6] acts as an employee of the latter and within the scope of his employment. *Morales* v. *Delia Mejías, Inc.*, 63 P.R.R. 672, 677; *Aponte* v. *Palacios, supra; Morales* v. *Otero*, 53 P.R.R. 542; *Lotti* v. *The Charles McCormick Lumber Co.*, 51 P.R.R. 323, and *Sánchez* v. *Asiatic Petroleum Co.*, 40 P.R.R. 98. It was defendants' concern to destroy that presumption and we have found nothing in the record to show that they offered evidence to that effect. Under these circumstances the court acted correctly in rendering judgment as it did.

The judgment appealed from will be affirmed.

---

[6] The evidence proved that codefendant Maximiliana Ruiz owned several heavy trucks which she devoted to the transportation of freight on payment of fees.